IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMIE GALE, et al., )
)
        Plaintiffs, )
)
v. ) Case No. 19-cv-2088-KHV-TJJ
)
MENTOR WORLDWIDE, LLC, )
)
        Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Mentor Worldwide LLC's Motion to Stay Discovery and Other Rule 26 Activities (ECF No. 28). Defendants requests an order staying discovery and all other Rule 26 activities until its Motion to Dismiss for Failure to State a Claim (ECF No. 10) is resolved. Plaintiffs oppose the relief requested. For the reasons set forth below, the Court concludes that the Motion to Stay Discovery should be granted.

**I.    Nature of the Matter Before the Court**

Plaintiffs bring this lawsuit seeking damages for injuries they incurred after each was implanted with Mentor MemoryGel silicone breast implants. Plaintiffs assert claims for negligent failure to warn and negligent manufacturing, and for failure to warn and manufacturing defect sounding in strict product liability.[1]

Defendant responded to Plaintiffs' complaint with a Motion to Dismiss (ECF No. 10),

---

[1] Complaint (ECF No. 1) at 17-37.

which Plaintiffs oppose.[2] During the May 30, 2019 Status Conference the Court conducted in lieu of a Rule 16 Scheduling Conference, the Court discussed with counsel issues relevant to the preemption argument Defendant advances in its Motion to Dismiss and the impact on discovery issues. Defendant indicated its desire for a stay of discovery, and the Court set a deadline to file a motion to stay and an abbreviated briefing schedule.[3]

Defendant's motion to dismiss is fully briefed and ready for ruling.[4] In the instant motion, Defendant asserts all discovery should be stayed pending Judge Vratil's ruling on the motion to dismiss because Plaintiffs' claims are expressly or impliedly preempted by the Medical Device Amendments, 21 U.S.C. §§ 360 *et seq.*, to the federal Food Drug and Cosmetic Act.

## II. Legal Standard for Motion to Stay Discovery

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[5] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[6] Therefore, as a

---

[2] Defendant also filed a Motion to Sever Claims and to Dismiss or Transfer Plaintiff Brooks' Claims for Improper Venue (ECF No. 8).

[3] ECF No. 27.

[4] *See* Pls.' Opp'n (ECF No. 16); Def.'s Reply in Supp. (ECF No. 25).

[5] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[6] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

general rule, the District of Kansas does not favor staying pretrial proceedings even though dispositive motions are pending.[7] A stay is not favored because it can delay a timely resolution of the matter.[8]

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[9]

However, a stay pending a ruling on a dispositive motion is appropriate where the case is *likely* to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome.[10]

A stay may also be appropriate when the party requesting it has filed a dispositive motion asserting absolute or qualified immunity.[11] In that instance, a defendant is entitled to have the

---

[7] *McCoy*, 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[8] *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

[9] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

[10] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495).

[11] *E.g., Garrett's Worldwide Enterprises, LLC v. United States*, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) (citing cases).

question of immunity resolved before being required to engage in discovery and other pretrial proceedings.[12] Qualified immunity "spare[s] a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[13] Further, it is "an immunity from suit rather than a mere defense to liability[,] and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[14]

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[15]

## III. Application of the Standard to this Case

Although Defendant's overarching argument is that its motion to dismiss is likely to be granted because Plaintiffs' claims are preempted, it first equates preemption with immunity and argues a stay is warranted under the applicable legal principles recited above. The Court rejects Defendant's argument. Immunity addresses whether a governmental official is amenable to suit. The reason a defendant who asserts immunity is temporarily relieved of the burdens of discovery is "not limited to liability for money damages; [it] also include[s avoiding] 'the general costs of

---

[12] *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved).

[13] *Siegert*, 500 U.S. at 232.

[14] *Id.* at 233 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[15] *Evello Invs. N.V.*, 1995 WL 135613, at *3.

subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.'"[16] Discovery is to be avoided because "[i]nquiries of this kind can be peculiarly disruptive of effective government."[17]

Preemption, on the other hand, concerns whether a particular state law claim can be asserted in the face of federal law that may displace such claims. When a party asserts a claim is preempted, the party "must point specifically to 'a constitutional text or a federal statute' that does the displacing or conflicts with state law."[18] Defendant asserts that "preemption of state law claims against manufacturers of Class III pre-market approved medical devices has long been considered an *immunity* to liability,"[19] citing *Caplinger v. Medtronic, Inc.*, 784 F.3d 1135 (10th Cir. 2015). While *Caplinger* does use the word "immunity" to describe the protection from state tort suits that preemption brings, it also refers to whether the statute "forecloses" plaintiff's claim.[20] Clearly, the court was not applying foreclosure analysis in deciding whether plaintiff's claims were preempted, nor was it assessing defendant's right to assert immunity. It is merely

---

[16] *Mitchell v. Forsyth*, 472 U.S. at 526 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 816 (1982)).

[17] *Harlow*, 457 U.S. at 817.

[18] *Puerto Rico Dep't of Consumer Affairs v. ISLA Petroleum Corp.*, 485 U. S. 495, 503 (1988).

[19] ECF No. 29 at 5.

[20] *Caplinger*, 784 F.3d at 1137.

coincidental that the court used those words to describe the effect preemption has on a lawsuit. The Court will not grant Defendant's motion on immunity grounds.

Defendant next argues it is entitled to a stay because a ruling on its motion to dismiss will likely conclude this action.[21] Defendant does not and need not reiterate its arguments from the briefing on its motion to dismiss. The preemption test at issue in the motion to dismiss is as follows:

> The Supreme Court has set out a two-part test to determine if a state-law cause of action is preempted by the MDA. First, the Court must determine if federal law imposes "requirement[s] applicable to the device" at issue. This showing is automatically satisfied where the FDA grants a device premarket approval. If the first element is met, the Court must determine if a plaintiff's claims seek to impose state requirements "different from, or in addition to" the relevant FDA requirements. State common-law duties are "requirements" within the meaning of the MDA. Thus, in *Riegel*, the Supreme Court held that state common-law claims--including negligent design and failure to warn—are preempted in cases involving medical devices that receive premarket approval. The Supreme Court concluded that such claims are preempted because, if successful, they would impose state safety requirements that are different from the FDA's requirements imposed through a premarket approval. State-law claims that allege violations of FDA regulations, on the other hand, are not preempted.[22]

Defendant contends Plaintiffs' claims fail under this test; Plaintiffs argue they do not. Although Defendants' motion to dismiss will be ruled by District Judge Vratil and not by the

---

[21] Mentor asserts it has made a "compelling case" for a stay for the additional reason that discovery on all issues in the case would be wasteful and burdensome. ECF No. 29 at 8. On the contrary, Mentor makes absolutely no factual showing or argument concerning the burdensome and wasteful nature of discovery. The Court rejects its conclusory statement.

[22] *Shelp v. Allergan, Inc.*, C18-1427-JCC, 2018 WL 6694287, at *2 (W.D. Wash. Dec. 20, 2018) (quoting and citing *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008)).

undersigned Magistrate Judge, in applying the standard to the particulars of this case the Court must consider the likelihood that Defendants' motion to dismiss will be granted. In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.[23]

Defendant cites six cases—four federal and two state—in which courts have issued orders in breast implant cases, filed against Mentor, which stay discovery pending a ruling on Mentor's motion to dismiss.[24] Plaintiffs argue the cases are non-binding. The Court agrees these cases are not binding. In addition, Defendant does not provide enough information about each case for the Court to determine what standard the court applied in ruling on a motion to stay. However, Plaintiffs do not dispute that stays of discovery are in place as Defendant represents, nor do Plaintiffs distinguish those cases or cite other cases in which a court has denied a motion for stay.

Although Defendant has made no showing that discovery would be wasteful and burdensome, the Court recognizes the expense and complexity that discovery in this case could involve. And if Judge Vratil grants Defendant's motion to dismiss, the parties would have incurred unnecessary expense. Taking all of this into account, the Court concludes a stay of discovery is warranted. The Court therefore exercises its discretion in favor of granting a stay.

---

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[24] ECF No. 29 at 8.

**IT IS THEREFORE ORDERED** that Defendant Mentor Worldwide LLC's Motion to Stay Discovery and Other Rule 26 Activities (ECF No. 28) is granted.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2019 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge